UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICO MENEFEE,

    Plaintiff,

v.

JASON SMITH and JIM SHAFFER AND ASSOCIATES,

    Defendants.

Case No. 24-13333
Honorable Laurie J. Michelson

**OPINION AND ORDER DISMISSING COMPLAINT [1], GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS [2], AND DENYING MOTION TO ADD PROPERTY RECEIPT [5]**

In December of 2024, Rico Menefee filed this action against realtors Jason Smith and Jim Shaffer "and Associates" for alleged violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments. (ECF No. 1.) He alleges that in September of 2024 he paid $351,700 to the defendants for a house but that defendants "reneged on the deal" and "kept the money and the house." (*Id*. at PageID.5.) Along with his complaint, Menefee filed an application to proceed without prepayment of costs (ECF No. 2) and a motion to add a property receipt as an exhibit (ECF No. 5). For the reasons below, the Court grants Menefee's application to proceed without prepaying fees, summarily dismisses his complaint, and denies his motion as moot.

**I.**

As an initial matter, the Court grants Menefee's motion to proceed without prepayment of the filing fee. (ECF No. 2.) Menefee alleges he earns $15 an hour and

has no savings or assets (*id.* at PageID.10–11), so the Court finds that he has made the required showing of indigence, *see* 28 U.S.C. § 1915(a)(1).

That said, Menefee's complaint (ECF No. 1) must be dismissed because it fails to state any plausible federal claim.

## II.

Federal courts have an obligation to confirm that they have subject matter jurisdiction over each case pending before them—and, if subject matter jurisdiction is absent, to dismiss the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." (citing Fed. R. Civ. P. 12(b)(1))); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) ("No court can ignore the defect [in its jurisdiction]; rather a court, noticing the defect, must raise the matter on its own."). Such jurisdiction exists over cases that raise a federal question, *see* 28 U.S.C. § 1331, or are between parties of diverse citizenship and involve an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332. *Arbaugh*, 546 U.S. at 513.

In cases like this one, where a plaintiff has been permitted to proceed without prepayment of fees and costs pursuant to 28 U.S.C. § 1915, the Court has an additional responsibility: screen and dismiss any complaint that is "frivolous" or "malicious" or that "fails to state a claim on which relief may be granted." *See* 28

U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Likewise, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

So although the Court must liberally construe complaints brought by self-represented plaintiffs like Menefee, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), it must also screen out complaints that fail to satisfy basic pleading requirements, *see Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) ("Although we construe pro se pleadings liberally, the basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019))); *see also Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("The leniency granted to pro se petitioners . . . is not boundless. . . . Traditionally the 'leniency standard' has still required basic pleading standards." (citation omitted)).

### III.

Menefee filed suit using the Court's general civil case complaint form. Under the "Basis for Jurisdiction" heading, he checked the boxes for both diversity jurisdiction and federal question jurisdiction. (ECF No. 1, PageID.3.) The Court takes these in turn.

As the complaint form provides, "[i]n a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff." (*Id.*) Yet Menefee identified himself and each defendant as citizens of Michigan. (*Id.* at PageID.2.) When a Michigan citizen sues a Michigan citizen, there is no "diversity" of the parties and thus no diversity jurisdiction.

That leaves federal question jurisdiction. According to Menefee, the defendants violated the Fourth, Fifth, Eighth, and Fourteenth Amendments. (*Id.* at PageID.4. *But see id.* at PageID.8 (Menefee identifying the "nature of suit" as "real property" on his civil cover sheet).) Put aside the fact that an individual cannot directly sue under the Constitution. The Court liberally construes Menefee to be asserting a claim for money damages under 42 U.S.C. § 1983 ("Section 1983"). (*See id.* at PageID.5–6 (seeking monetary relief)); *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). Even so, he has not and cannot plead a plausible claim.

Under Section 1983, an individual can bring suit for a violation of federal constitutional rights if he shows (1) he was deprived of a right secured by the federal Constitution and (2) the deprivation was caused by a state actor. *See Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015). Simply naming a federal constitutional or statutory right is not enough to satisfy the first requirement. *Cf. Ford v. Hamilton Univ.*, 29 F.3d 255, 258 (6th Cir. 1994) ("Merely referring to a federal statute, however, does not establish federal jurisdiction if the dispute does not involve 'a

4

substantial question of federal law.'"). A plaintiff must set forth facts showing how the defendants' alleged misconduct violated a constitutional right. Menefee has not done so. Even assuming the truth of his allegations—that is, even assuming he paid Smith and Shaffer a down payment for a house, then Smith and Shaffer "reneged on the deal [and] kept the money and the house" (ECF No. 1, PageID.5)—Menefee identifies no constitutional right Smith and Shaffer would have violated.

And even if it were enough to simply list constitutional amendments that Smith and Shaffer allegedly violated, Menefee clearly fails to satisfy the second requirement of a Section 1983 claim. He sues only private citizens, and he says nothing that would allow either defendant's private conduct to be "fairly attributable" to the state. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *see Revis v. Meldrum*, 489 F.3d 273, 289 (6th Cir. 2007) ("[M]ost rights secured by the Constitution are protected only against infringement by governments." (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978))); *Bowman v. Merkley*, No. 23-5638, 2023 WL 9186333, at *1 (6th Cir. Dec. 26, 2023) ("A private entity may be deemed to be a state actor 'under discrete circumstances . . . .'" (quoting *Thomas v. Nationwide Child.'s Hosp.*, 882 F.3d 608, 612 (6th Cir. 2018))).

So Menefee fails to state a claim for a relief under Section 1983 and he raises no other federal claim. *See Bowman*, 2023 WL 9186333, at *1 (affirming dismissal of *pro se* complaint for lack of subject matter jurisdiction and concluding, as to federal question jurisdiction, that "[plaintiff's] complaint did not imply a cause of action under § 1983 because she did not allege a violation of any specific constitutional right

5

or any government connection to the defendants, who are private persons"); *Perry v. UPS*, 90 F. App'x 860, 861 (6th Cir. 2004) ("A failure to identify a right, privilege or immunity that was violated merits dismissal of the cause of action for failure to state a claim upon which relief can be granted."). He therefore fails to carry his burden of showing that subject matter jurisdiction exists. *See Cartwright v. Garner*, 751 F.3d 752, 760 (6th Cir. 2014) (explaining that the plaintiff bears the burden of establishing subject matter jurisdiction).

## IV.

In sum, the Court GRANTS Menefee's application to proceed *in forma pauperis* (ECF No. 2), DISMISSES his complaint (ECF No. 1) without prejudice, and DENIES AS MOOT his motion "to add . . . exhibit property receipt of payment for real estate property house in question" (ECF No. 5).

SO ORDERED.

Dated: January 16, 2025

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  UNITED STATES DISTRICT JUDGE